WILLIAM BLUMENTHAL
General Counsel
CHARLES A. HARWOOD
Regional Director

MARY T. BENFIELD
Wash. State Bar No. 18835
mbenfield@ftc.gov
DAVID M. HORN
Wash. State Bar No. 13514
dhorn@ftc.gov
Federal Trade Commission
915 Second Ave., Suite 2896
Seattle, WA 98174
Telephone: (206) 220-6350
Facsimile: (206) 220-6366
Attorneys for Plaintiff
Federal Trade Commission

# UNITED STATES DISTRICT COURT

## DISTRICT OF OREGON

**FEDERAL TRADE COMMISSION,**

        Plaintiff,

    v.

**MERCHANT PROCESSING, INC.;
VEQUITY FINANCIAL GROUP, INC.;
DIRECT MERCHANT PROCESSING,
INC.; and AARON LEE RIAN,**

        Defendants.

Civ. No.  **CV '07 - 0533    BR**

[~~PROPOSED~~]

**TEMPORARY RESTRAINING ORDER
WITH ASSET FREEZE,
APPOINTMENT OF TEMPORARY
RECEIVER, IMMEDIATE ACCESS TO
BUSINESS PREMISES, ~~LIMITED
EXPEDITED DISCOVE~~RY, AND AN
ORDER TO SHOW CAUSE WHY A
PRELIMINARY INJUNCTION
SHOULD NOT ISSUE**

TEMPORARY RESTRAINING ORDER

TABLE OF CONTENTS

FINDINGS OF FACT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

ORDER . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2
    Definitions . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

CONDUCT PROHIBITIONS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5
    I.     Prohibition Against Misrepresentations . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5
    II.    Prohibition Against Failing to Disclose All Material Facts Relating to Fees . . . . 5
    III.   Prohibition Against Unilaterally Altering Material Contract Terms or
         Failing to Disclose Material Terms . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

ASSET PROVISIONS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6
    IV.   Asset Freeze . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6
    V.    Retention of Assets and Documents by
         Financial Institutions and Other Third Parties . . . . . . . . . . . . . . . . . . . . . . . . . . 8

RECEIVERSHIP PROVISIONS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10
    VI.   Appointment of Temporary Receiver . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10
    VII.  Access to Receivership Defendants' Business Premises . . . . . . . . . . . . . . . . . 10
    VIII. Receivership Duties . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11
    IX.   Cooperation With The Temporary Receiver . . . . . . . . . . . . . . . . . . . . . . . . . 15
    X.    Delivery of Receivership Property . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17
    XI.   Transfer of Funds to the Temporary Receiver . . . . . . . . . . . . . . . . . . . . . . . . 18
    XII.  Collection of Receivership Defendants' Mail . . . . . . . . . . . . . . . . . . . . . . . . 19
    XIII. Stay of Actions . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 19
    XIV. Compensation of Temporary Receiver . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 21
    XV.  Temporary Receiver's Bond/Liability . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 22
    XVI. Withdrawal of Temporary Receiver . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 22

DEFENDANTS' REPORTING AND RELATED OBLIGATIONS . . . . . . . . . . . . . . . . . 23
    XVII. Financial Reports and Accounting . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 23
    XVIII. Preservation of Records . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 25
    XIX.  Record Keeping/Business Operations . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 25
    XX.   Distribution of Order by Defendants . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 26

ORDER TO SHOW CAUSE AND MISCELLANEOUS PROVISIONS . . . . . . . . . . . . . . . 27
    XXI.  Order to Show Cause . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 27
    XXII. Limited Expedited Discovery . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 27
    XXIII. Service of Order . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 28
    XXIV. Credit Reports . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 29
    XXV. Duration of Temporary Restraining Order . . . . . . . . . . . . . . . . . . . . . . . . . . 29
    XXVI. Service of Documents and Evidence . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 29
    XXVII. No Examination of Witnesses . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 30
    XXVIII. Retention of Jurisdiction . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 31

TEMPORARY RESTRAINING ORDER       i

Plaintiff, the Federal Trade Commission ("FTC" or "Commission"), pursuant to Section 13(b) of the Federal Trade Commission Act ("FTC Act"), 15 U.S.C. § 53(b), has filed a Complaint for Injunctive and Other Equitable Relief, including consumer redress, and an Ex Parte Application for Temporary Restraining Order with Asset Freeze, Appointment of Temporary Receiver, Immediate Access to Business Premises, Limited Expedited Discovery, and an Order to Show Cause Why a Preliminary Injunction Should Not Issue ("Application for TRO").

## FINDINGS OF FACT

The Court has considered the Complaint, Ex Parte Application for TRO, the Memorandum of Points and Authorities with supporting Exhibits, and all other papers filed herein.  It appears to the satisfaction of the Court that:

1.     This Court has jurisdiction over the subject matter of the case, and there is good cause to believe it will have jurisdiction over all parties.

2.     Venue lies properly with this Court.

3.     There is good cause to believe that Defendants Merchant Processing, Inc.; Vequity Financial Group, Inc.; Direct Merchant Processing, Inc.; and Aaron Lee Rian have engaged in and are likely to engage in acts and practices that violate Section 5(a) of the FTC Act, 15 U.S.C. § 45(a), and that the Commission is likely to prevail on the merits of this action.

4.     There is good cause to believe that immediate and irreparable harm will result from Defendants' ongoing violations of Section 5(a) of the Federal Trade Commission Act, 15 U.S.C. § 45(a), absent entry of this Temporary Restraining Order ("Order").

5.     There is good cause to believe that immediate and irreparable damage to the Court's ability to grant effective final relief for consumers in the form of monetary redress will

TEMPORARY RESTRAINING ORDER          1

occur from the sale, transfer, assignment, or other disposition or concealment by Defendants of their assets or records unless they are immediately restrained and enjoined by Order of this Court.

6.      There is thus good cause for issuing this Order without prior notice to the Defendants of the Commission's application, pursuant to Federal Rule of Civil Procedure 65(b).

7.      Good cause exists for the appointment of a temporary receiver for Merchant Processing, Inc.; Vequity Financial Group, Inc.; and Direct Merchant Processing, Inc.

8.      Weighing the equities and considering the Commission's likelihood of success in its causes of action, this Order is in the public interest.

9.      No security is required of any agency of the United States for the issuance of a restraining order.  Fed. R. Civ. P. 65(c).

## ORDER

### Definitions

1.      **"Assets"** means any legal or equitable interest in, right to, or claim to, any real or personal property including,  but not limited to, chattel, goods, instruments, equipment, fixtures, general intangibles, effects, leaseholds, mail or other deliveries, inventory, checks, notes, accounts, credits, receivables (as those terms are defined in the Uniform Commercial Code), and all cash, wherever located.

2.      **"Card processing goods or services"** means goods or services relating to the acceptance, authorization, settlement, or payment for credit or debit card-related sales.

3.      **"Clearly and conspicuously"** means:

i.      if presented in writing, the information shall be in a type size and location sufficient for an ordinary consumer to read and comprehend it, and shall be

TEMPORARY RESTRAINING ORDER          2

disclosed in a manner that would be easily recognizable and understandable in language and syntax to an ordinary consumer. If the information is contained in a multi-page print document, the disclosure shall appear on the first page.

ii.      if presented orally, the information shall be disclosed in a volume, cadence and syntax sufficient for an ordinary consumer to hear and comprehend.

iii.     nothing contrary to any information disclosed shall be imparted at or near the time of the disclosure. Further, a subsequent disclosure made orally or in writing only limits or qualifies a prior disclosure and cannot cure a false claim.

4.      **"Consumer"** means an actual or potential purchaser, customer, licensee, or lessee, regardless of whether that person is a corporation, limited liability corporation, partnership, association, other business entity, or natural person, and regardless of whether the purchase is made for business purposes or for personal or household purposes.

5.      **"Defendants"** means Merchant Processing, Inc.; Vequity Financial Group, Inc.; Direct Merchant Processing, Inc.; and Aaron Lee Rian, and each of them, by whatever names each might be known, as well as their successors, assigns, officers, agents, directors, servants, employees, salespersons, independent contractors, attorneys, corporations, subsidiaries, affiliates, all other persons or entities directly or indirectly under their control or under common control with them, and all other persons or entities in active concert or participation with them who receive actual notice of this Order by personal service or otherwise, whether acting directly or through any corporation, subsidiary, division or other device.

6.      **"Document"** is synonymous in meaning and equal in scope to the usage of the term in Federal Rule of Civil Procedure 34(a), and includes writings, drawings, graphs, charts, photographs, audio and video recordings, computer records, and other data compilations from

TEMPORARY RESTRAINING ORDER     3

which information can be obtained and translated, if necessary, through detection devices into reasonably usable form. A draft or non-identical copy is a separate document within the meaning of the term.

      7.    **"Financial institution"** means any bank, savings and loan institution, credit union or any financial depository of any kind, including but not limited to any brokerage house, trustee, broker-dealer, escrow agent, title company, commodity trading company, precious metal dealer, commercial check cashing facility, or any entity or person that holds, controls, or maintains custody of any account or asset of any Defendant.

      8.    **"Individual Defendant "** means Aaron Lee Rian, whether acting directly or through any successor, assign, agent, employee, entity, corporation, subsidiary, division, or other device, unless specified otherwise.

      9.    **"Merchant"** means a person, corporation, or any other entity that acts as a consumer by purchasing, leasing, or renting card processing goods or services. "Merchants" means any of the merchants, individually, collectively, or in any combination.

      10.    **"Named Defendants"** means Merchant Processing, Inc.; Vequity Financial Group, Inc.; Direct Merchant Processing, Inc.; and Aaron Lee Rian, and each of them, by whatever names each might be known.

      11.    **"Person"** means any individual, group, unincorporated association, limited or general partnership, corporation or other business entity.

      12.    **"Receivership Defendants"** means Merchant Processing, Inc.; Vequity Financial Group, Inc.; and Direct Merchant Processing, Inc., Oregon corporations, and their affiliates and subsidiaries, and any other corporations or businesses under the control of any of them.

      13.    **"Receiver"** means the temporary receiver appointed in this Order. The term

TEMPORARY RESTRAINING ORDER      4

"Receiver" also includes any deputy receivers as may be named by the temporary receiver.

## CONDUCT PROHIBITIONS

### I.
### Prohibition Against Misrepresentations

**IT IS THEREFORE ORDERED** that, in connection with advertising, promotion, offering for sale, or sale of card processing goods or services, Defendants are hereby temporarily restrained and enjoined from making or assisting others in making, directly or by implication, orally or in writing, any misrepresentation of material fact, including but not limited to misrepresenting that:

      A.      Merchants who purchase the card processing goods or services offered by Defendants will save money each month on their card processing expenses; and

      B.      Defendants will purchase the remainder of the existing card processing equipment leases of merchants who purchase the card processing goods or services offered by Defendants.

### II.
### Prohibition Against Failing to Disclose All Material Facts Relating to Fees

**IT IS FURTHER ORDERED** that, in connection with the advertising, promotion, offering for sale, or sale of card processing goods or services, if Defendants represent directly or by implication that merchants will be charged any particular percentage or fee, then Defendants are hereby temporarily restrained and enjoined from failing to disclose, clearly and conspicuously, all material facts relating to fees, including but not limited to the amounts of all discount rates, processing surcharges, cancellation fees, and other fees merchants will be required to pay.

TEMPORARY RESTRAINING ORDER      5

## III.
### Prohibition Against Unilaterally Altering Material Contract Terms or Failing to Disclose Material Terms

**IT IS FURTHER ORDERED** that, in connection with the advertising, promotion, offering for sale, or sale of card processing goods or services, Defendants are hereby temporarily restrained and enjoined from altering or adding to, or assisting others in altering or adding to, documents signed by a merchant relating to card processing goods or services, thereby producing changes to material terms including, but not limited to, terms related to rates, surcharges, fees, and expenses, without the express consent of the merchant; or from concealing or failing to disclose clearly and conspicuously to a merchant, or assisting others in concealing or failing to disclose clearly and conspicuously to a merchant, any purported terms of a contract; or from presenting to a merchant, claiming a merchant is bound by, or attempting to enforce against a merchant any written documents that contradict the oral representations made by Defendants to the merchant about the terms and conditions of the merchant's purchase or lease of card processing goods or services from Defendants.

### ASSET PROVISIONS

## IV.
### Asset Freeze

**IT IS FURTHER ORDERED** that:

A.      Each Defendant is hereby temporarily restrained and enjoined from:

1.       Transferring, liquidating, converting, encumbering, pledging, loaning, selling, concealing, dissipating, disbursing, assigning, spending, withdrawing, granting a lien or security interest or other interest in, or otherwise disposing of any funds, real or personal property, accounts, contracts, consumer lists (including lists of

TEMPORARY RESTRAINING ORDER          6

consumer names, telephone numbers, addresses, or account numbers, or other

consumer data), shares of stock, or other assets, or any interest therein, wherever

located, that are: (1) owned or controlled by any Defendant, in whole or in part;

(2) in the actual or constructive possession of any Defendant; or (3) owned,

controlled by, or in the actual or constructive possession of any corporation,

partnership, or other entity directly or indirectly owned, managed, or controlled

by any Defendant, including, but not limited to any assets held by or for, or

subject to access by, any Defendant, at any bank or savings and loan institution,

or with any broker-dealer, escrow agent, title company, commodity trading

company, precious metals dealer, or other financial institution or depository of

any kind;

2.    Opening or causing to be opened any safe deposit boxes titled in the name of any

Defendant, or subject to access by any of them;

3.    Incurring charges or cash advances on any credit card issued in the name, singly

or jointly, of any Defendant; and

4.    Incurring liens or other encumbrances on real property, personal property or other

assets in the name, singly or jointly, of any Defendant.

B.    Notwithstanding the above, the Individual Defendant may, by further order of the

Court or by written agreement of the Commission, pay from his personal funds reasonable,

usual, ordinary, and necessary living expenses and attorney's fees.

## V.
## Retention of Assets and Documents by
## Financial Institutions and Other Third Parties

**IT IS FURTHER ORDERED** that, effective immediately upon notification of this

Order by letter from Plaintiff, delivered by any means including facsimile transmission, and

pending determination of Plaintiff's request for a preliminary injunction, any bank, savings and

loan institution, credit union, financial institution, brokerage house, escrow agent, money market

or mutual fund, title company, commodity trading company, common carrier, storage company,

trustee, commercial mail receiving agency, mail holding or forwarding company, or any other

person, partnership, corporation, legal or business entity, or person that holds, controls or

maintains custody of any account or asset belonging to, or titled in the name of, any Named

Defendant or belonging to, or titled in the name of, any corporation, partnership or other entity

directly or indirectly owned, managed  or controlled by, in whole or in part, any Named

Defendant, or to which they are a signatory, or which is held on behalf of, or for the benefit of,

any Named Defendant, individually or jointly, or that has held, controlled or maintained custody

of any such account or asset at any time since January 1, 2003, shall:

      A.      Prohibit Named Defendants and their agents, servants, employees, attorneys, and

all persons or entities directly or indirectly under their control, or in common control with them,

from withdrawing, removing, assigning, transferring, pledging, encumbering, disbursing,

dissipating, converting, selling, or otherwise disposing of any such account or asset except:

      1.      As directed by further order of the Court; or

      2.      By written agreement of the Commission;

      B.      Maintain the status quo of any such account or asset and not withdraw, remove,

assign, transfer, pledge, encumber, disburse, dissipate, convert, sell, or otherwise dispose of any

TEMPORARY RESTRAINING ORDER     8

such account or asset except:

      1.      As directed by further order of the Court; or

      2.      By written agreement of the Commission;

      C.      Deny Named Defendants and their agents, servants, employees, attorneys, and all persons or entities directly or indirectly under their control, or in common control with them, unless accompanied by counsel for the Federal Trade Commission, access to any safe deposit box that is:

      1.      Titled in the name of any Named Defendant or their affiliates or subsidiaries, either individually or jointly; or

      2.      Otherwise subject to access by any Named Defendant or their affiliates or subsidiaries;

      D.      Provide counsel for the Commission, within five business days of receiving a copy of this Order, a sworn statement setting forth:

      1.      The identification number of each such account or asset belonging to or titled in the name of any Named Defendant or to which any Named Defendant is a signatory, or which is held on behalf of, or for the benefit of, any Named Defendant;

      2.      The balance of each such account, or a description of the nature and value of such asset as of the time this Order is served, and, if any asset has been removed or transferred within the last 90 days, the date removed or transferred, the total funds removed or transferred, and the name of the person or entity to whom such account or other asset was remitted; and

      3.      The identification of any safe deposit box that is titled in the name, individually

TEMPORARY RESTRAINING ORDER      9

or jointly, of any Named Defendant or is otherwise subject to access by any
Defendant; and

E.      Upon the Commission's request, promptly provide the Commission with copies
of all records or other documentation pertaining to such account or asset including, without
limitation, originals or copies of account applications, account statements, signature cards,
checks, drafts, deposit tickets, transfers to and from the accounts, all other debit and credit
instruments or slips, currency transaction reports, 1099 forms, and safe deposit box logs.

**RECEIVERSHIP PROVISIONS**

**VI.**
**Appointment of Temporary Receiver**

*gfs 4/11/07*

**IT IS FURTHER ORDERED** that _Michael Grassmueck ._ is appointed
Temporary Receiver for the Receivership Defendants, with the full power of an equity receiver.
The Receiver shall be the agent of this Court and solely the agent of this Court in acting as
Receiver under this Order.  The Receiver shall be accountable directly to this Court.  The
Receiver shall comply with all Rules of this Court governing receivers.  It is understood, given
the nature of this assignment, that the Receiver may conclude that there are insufficient assets in
the receivership or that other factors warrant withdrawal of the Receiver in accordance with
Paragraph XVI below.

**VII.**
**Access to Receivership Defendants' Business Premises**

**IT IS FURTHER ORDERED** that the Receiver and his or her representatives and
agents shall have immediate access to any business premises of the Receivership Defendants,
and immediate access to any other location where the Receivership Defendants have conducted
business and where property or business records are likely to be located.  Such locations

TEMPORARY RESTRAINING ORDER          10

specifically include, but are not limited to, the offices and facilities of one or more of the

Receivership Defendants at 1600 NW Compton Drive, #357, Beaverton, Oregon 97006.  The

Receiver is authorized to employ the assistance of law enforcement officers as the Receiver

deems necessary to effect service and to implement peacefully the provisions of this Order.  The

purpose of access shall be to implement and carry out the Receiver's duties set forth in

Paragraph VIII, and to inspect and inventory all of the Receivership Defendants' property, assets

and documents and inspect and copy any documents relevant to this action.  The Receiver and

those specifically designated by the Receiver shall have the right to remove the above-listed

documents from those premises in order that they may be inspected, inventoried, and copied.

The Receiver shall allow the Commission's representatives, agents, and assistants, as well as

Named Defendants or their representatives, reasonable access to the premises of the

Receivership Defendants.  The purpose of this access shall be to inspect and copy any and all

books, records, accounts, and other property, including computer data, owned by or in the

possession of the Receivership Defendants.

## VIII.
### Receivership Duties

**IT IS FURTHER ORDERED** that the Receiver is directed and authorized to

accomplish the following:

A.     Assume full control of the Receivership Defendants by removing, as the Receiver

deems necessary or advisable, any director, officer, independent contractor, employee or agent

of the Receivership Defendants, including any Defendant, from control of, management of, or

participation in, the affairs of the Receivership Defendants;

B.     Take exclusive custody, control, and possession of all assets and documents of, or

TEMPORARY RESTRAINING ORDER          11

in the possession, custody or under the control of, the Receivership Defendants, wherever situated. The Receiver shall be deemed to be the authorized responsible person to act on behalf of the Receivership Defendants and, subject to further order of the Court, shall have the full power and authority to take all corporate actions, including but not limited to, the filing of a petition for bankruptcy as the authorized responsible person as to each of the Receivership Defendants, dissolution of the Receivership Defendants, and sale of the Receivership Defendants. The Receiver shall have full power to divert mail and to sue for, collect, receive, take in possession, hold, and manage all assets and documents of the Receivership Defendants and other persons or entities whose interests are now held by or under the direction, possession, custody or control of the Receivership Defendants; provided, however, that the Receiver shall seek further authority from the Court, after providing notice to the Plaintiff before attempting to collect any debt from a consumer if the Receiver believes the debt was induced by unfair or deceptive practices, including without limitation those identified by the FTC in this matter whether in the Complaint or in subsequent filings;

C.    Take all steps necessary to secure the business premises of the Receivership Defendants including, but not limited to, all such premises located at 1600 NW Compton Drive, # 357, Beaverton, Oregon 97006. Such steps may include, but are not limited to, the following as the Receiver deems necessary or advisable: (1) serving this Order on any person or entity; (2) completing a written inventory of receivership assets; (3) obtaining pertinent information from all employees and other agents of the Receivership Defendants including, but not limited to, the name, home address, social security number, job description, method of compensation, and all accrued and unpaid commissions and compensation of each such employee or agent; (4) video taping all portions of the business premises; (5) changing the locks and disconnecting

TEMPORARY RESTRAINING ORDER        12

any computer modems or other means of access to the computer or other records maintained at the business premises; (6) requiring any persons present on the business premises at the time this Order is served to leave the premises, to provide the Receiver with proof of identification, or to demonstrate to the satisfaction of the Receiver that such persons are not removing from the premises documents or assets of the Receivership Defendants; and (7) notwithstanding any other provision of this Order, the Receiver shall determine what constitutes reasonable access by other persons or entities to the business premises of the Receivership Defendants;

       D.      Investigate, conserve, hold, and manage all receivership assets, and perform all acts necessary or advisable to preserve the value of those assets in an effort to prevent any irreparable loss, damage or injury to consumers or to creditors of the Receivership Defendants including, but not limited to, obtaining an accounting of the assets, and preventing transfer, withdrawal or misapplication of assets;

       E.      Enter into contracts and purchase insurance as advisable or necessary;

       F.      Prevent the inequitable distribution of assets and determine, adjust, and protect the interests of consumers and creditors who have transacted business with the Receivership Defendants;

       G.      Manage and administer the business of the Receivership Defendants until further order of this Court by performing all incidental acts that the Receiver deems to be advisable or necessary, which include retaining, hiring, or dismissing any employees, independent contractors, or agents;

       H.      Choose, engage, and employ attorneys, accountants, appraisers, and other independent contractors and technical specialists (collectively, "Professionals"), as the Receiver deems advisable or necessary in the performance of duties and responsibilities under the

TEMPORARY RESTRAINING ORDER      13

authority granted by this Order, which Professionals shall apply for payment of fees and costs along with the Receiver and be paid from the assets of the receivership estate;

       I.      Make payments and disbursements from the receivership estate that are necessary or advisable for carrying out the directions of, or exercising the authority granted by, this Order;

       J.      Determine and implement the manner in which the Receivership Defendants will comply with, and prevent violations of, this Order and all other applicable laws including, but not limited to, revising sales materials and implementing monitoring procedures;

       K.      Institute, compromise, adjust, defend, appear in, intervene in, or become party to such actions or proceedings in state, federal or foreign courts that the Receiver deems necessary and advisable to preserve or recover the assets of the Receivership Defendants or that the Receiver deems necessary and advisable to carry out the Receiver's mandate under this Order, including but not limited to, the filing of a petition for bankruptcy;

       L.      Defend, compromise, adjust or otherwise dispose of any or all actions or proceedings instituted in the past or in the future against the Receiver in his or her role as receiver, or against the Receivership Defendants that the Receiver deems necessary and advisable to preserve the assets of the Receivership Defendants, or that the Receiver deems necessary and advisable to carry out the Receiver's mandate under this Order, all notwithstanding the Stay of Actions set forth in Paragraph XIII of this Order;

       M.      Continue and conduct the business of the Receivership Defendants in such manner, to such extent, and for such duration as the Receiver may in good faith deem to be necessary and advisable to operate the business profitably and lawfully, if at all; provided, however, that the continuation and conduct of the business shall be conditioned upon the Receiver's good faith determination that the business can be lawfully operated at a net profit

TEMPORARY RESTRAINING ORDER      14

using the assets of the receivership estate and without resort to any unfair or deceptive practices including without limitation those identified as such by the FTC in this matter whether in the Complaint or in subsequent filings; and taking into account, among other things, that the fees and costs of the Receiver and the Professionals must be paid as senior priority administrative expenses of the receivership estate;

N.    Conduct investigations and issue subpoenas to obtain documents and records pertaining to or in aid of the receivership, and conduct discovery in this action on behalf of the receivership estate;

O.    Open one or more bank accounts in the District of Oregon as designated depositories for funds of the Receivership Defendants.  The Receiver shall deposit all funds of the Receivership Defendants in such a designated account and shall make all payments and disbursements from the receivership estate from such an account;

P.    Maintain accurate records of all receipts and expenditures that he or she makes as Receiver; and

Q.    Cooperate with reasonable requests for information or assistance from any state or federal law enforcement agency.

## IX.
## Cooperation With The Temporary Receiver

**IT IS FURTHER ORDERED** that the Defendants and all other persons or entities served with a copy of this Order shall fully cooperate with and assist the Receiver.  This cooperation and assistance shall include, but not be limited to, providing any information to the Receiver that the Receiver deems necessary to exercising the authority and discharging the responsibilities of the Receiver under this Order; providing any password required to access any

TEMPORARY RESTRAINING ORDER        15

computer, electronic account, or digital file or telephonic data in any medium; turning over all accounts, files, and records including those in possession or control of attorneys or accountants; and advising all persons who owe money to the Receivership Defendants that all debts should be paid directly to the Receiver. Defendants are hereby temporarily restrained and enjoined from directly or indirectly:

      A.      Transacting any of the business of the Receivership Defendants;

      B.      Destroying, secreting, defacing, transferring, or otherwise altering or disposing of any documents of the Receivership Defendants including, but not limited to, books, records, accounts, writings, drawings, graphs, charts, photographs, audio and video recordings, computer records, and other data compilations, electronically-stored records, or any other papers of any kind or nature;

      C.      Transferring, receiving, altering, selling, encumbering, pledging, assigning, liquidating, or otherwise disposing of any assets owned, controlled, or in the possession or custody of, or in which an interest is held or claimed by, the Receivership Defendants or the Receiver;

      D.      Drawing on any existing line of credit available to Receivership Defendants;

      E.      Excusing debts owed to the Receivership Defendants;

      F.      Failing to notify the Receiver of any asset, including accounts, of the Receivership Defendants held in any name other than the name of any of the Receivership Defendants, or by any person or entity other than the Receivership Defendants, or failing to provide any assistance or information requested by the Receiver in connection with obtaining possession, custody or control of such assets;

      G.      Doing any act that would, or failing to do any act which failure would, interfere

TEMPORARY RESTRAINING ORDER      16

with the Receiver's taking custody, control, possession, or management of the assets or

documents subject to this receivership; or to harass or interfere with the Receiver in any way; or

to interfere in any manner with the exclusive jurisdiction of this Court over the assets or

documents of the Receivership Defendants; or to refuse to cooperate with the Receiver or the

Receiver's duly authorized agents in the exercise of their duties or authority under any Order of

this Court; and

   H. Filing, or causing to be filed, any petition on behalf of the Receivership

Defendants for relief under the United States Bankruptcy Code, 11 U.S.C. §§ 101-1330 (2002),

without prior permission from this Court.

## X.
### Delivery of Receivership Property

**IT IS FURTHER ORDERED** that:

   A. Immediately upon service of this Order upon them, or within such period as may

be permitted by the Receiver, Defendants or any other person or entity shall transfer or deliver

possession, custody, and control of the following to the Receiver:

   1. All assets of the Receivership Defendants, including, without limitation, bank

     accounts, web sites, buildings or office space owned, leased, rented, or otherwise

     occupied by the Receivership Defendants;

   2. All documents of the Receivership Defendants, including, but not limited to,

     books and records of accounts, legal files (whether held by Defendants or their

     counsel) all financial and accounting records, balance sheets, income statements,

     bank records (including monthly statements, canceled checks, records of wire

     transfers, and check registers), client lists, title documents, and other papers;

TEMPORARY RESTRAINING ORDER  17

3.    All of the Receivership Defendants' accounting records, tax records, and tax returns controlled by, or in the possession of, any bookkeeper, accountant, enrolled agent, licensed tax preparer or certified public accountant;

4.    All loan applications made by or on behalf of Receivership Defendants and supporting documents held by any type of lender including, but not limited to, banks, savings and loans, thrifts or credit unions;

5.    All assets belonging to members of the public now held by the Receivership Defendants; and

6.    All keys and codes necessary to gain or secure access to any assets or documents of the Receivership Defendants including, but not limited to, access to their business premises, means of communication, accounts, computer systems or other property;

B.    In the event any person or entity fails to deliver or transfer any asset or otherwise fails to comply with any provision of this Paragraph, the Receiver may file ex parte an Affidavit of Non-Compliance regarding the failure.  Upon filing of the affidavit, the Court may authorize, without additional process or demand, Writs of Possession or Sequestration or other equitable writs requested by the Receiver.  The writs shall authorize and direct the United States Marshal or any sheriff or deputy sheriff of any county, or any other federal or state law enforcement officer, to seize the asset, document or other thing and to deliver it to the Receiver.

## XI.
### Transfer of Funds to the Temporary Receiver

**IT IS FURTHER ORDERED** that, upon service of a copy of this Order, all banks, broker-dealers, savings and loans, escrow agents, title companies, leasing companies, landlords,

TEMPORARY RESTRAINING ORDER        18

ISOs, credit and debit card processing companies, insurance agents, insurance companies, commodity trading companies or any other person, including relatives, business associates or friends of the Named Defendants, or their subsidiaries or affiliates, holding assets of the Receivership Defendants or in trust for Receivership Defendants shall cooperate with all reasonable requests of the Receiver relating to implementation of this Order, including freezing and transferring funds at his or her direction and producing records related to the assets of the Receivership Defendants.

## XII.
### Collection of Receivership Defendants' Mail

**IT IS FURTHER ORDERED** that:

A.      The Individual Defendant is hereby restrained and enjoined from opening mail addressed to any of the Receivership Defendants, including but not limited to such mail at the following addresses:

14845 SW Murray Scholls Drive, Suite 110, PMB 108, Beaverton, Oregon  97007;

17575 SW Tualatin Valley Highway, Beaverton, Oregon 97006;

9020 Washington Square Road, Suite 520, Tigard, Oregon 97223;

P.O. Box 5087, Beaverton, Oregon 97006;

and any address used by the Individual Defendant;

B.      The Receiver is authorized to open all such mail addressed to any Receivership Defendant.

C.      Any funds enclosed in any mail shall be maintained and accounted for by the Receiver until further order by the Court.

D.      The Individual Defendant who receives such mail addressed to any Receivership

TEMPORARY RESTRAINING ORDER          19

Defendant shall promptly deliver it to the Receiver.

      E.      The Receiver shall forward all mail that he or she receives on behalf of the Receivership Defendant that is addressed solely to the Individual Defendant unopened to the Individual Defendant at his last known address.

**XIII.**
**Stay of Actions**

**IT IS FURTHER ORDERED** that:

      A.      Except by leave of this Court, during pendency of the receivership ordered herein, Named Defendants and all other persons and entities aside from the Receiver are hereby stayed from taking any action to establish or enforce any claim, right, or interest for, against, on behalf of, in, or in the name of, the Receivership Defendants, any of their partnerships, assets, documents, or the Receiver or the Receiver's duly authorized agents acting in their capacities as such, including, but not limited to, the following actions:

      1.      Commencing, prosecuting, continuing, entering, or enforcing any suit or proceeding, except that such actions may be filed to toll any applicable statute of limitations;

      2.      Accelerating the due date of any obligation or claimed obligation; filing or enforcing any lien; taking or attempting to take possession, custody or control of any asset; attempting to foreclose, forfeit, alter or terminate any interest in any asset, whether such acts are part of a judicial proceeding or are acts of self-help or otherwise;

      3.      Executing, issuing, serving or causing the execution, issuance or service of, any legal process  including, but not limited to, attachments, garnishments, subpoenas,

TEMPORARY RESTRAINING ORDER     20

writs of replevin, writs of execution, or any other form of process whether specified in this Order or not; and

4.   Doing any act or thing whatsoever to interfere with the Receiver taking custody, control, possession, or management of the assets or documents subject to this receivership, or to harass or interfere with the Receiver in any way, or to interfere in any manner with the exclusive jurisdiction of this Court over the assets or documents of the Receivership Defendants;

B.   This Paragraph does not stay:

1.   The commencement or continuation of a criminal action or proceeding;

2.   The commencement or continuation of an action or proceeding by a governmental unit, including without limitation the Federal Trade Commission, to enforce such governmental unit's police or regulatory power;

3.   The enforcement of a judgment, other than a money judgment, obtained in an action or proceeding by a governmental unit to enforce such governmental unit's police or regulatory power;

4.   The issuance to the Receivership Defendants of a notice of tax deficiency; and

C.   Except as otherwise provided in this Order, all persons and entities in need of documentation from the Receiver shall in all instances first attempt to secure such information by submitting a formal written request to the Receiver, and, if such request has not been responded to within 30 days of receipt by the Receiver, any such person or entity may thereafter seek an Order of this Court with regard to the relief requested.

TEMPORARY RESTRAINING ORDER        21

## XIV.
## Compensation of Temporary Receiver

**IT IS FURTHER ORDERED** that the Receiver and his or her Professionals and all personnel hired by the Receiver as herein authorized, including counsel to the Receiver and accountants, are entitled to reasonable compensation for the performance of duties pursuant to this Order and for the cost of actual out-of-pocket expenses incurred by them, which compensation shall be derived exclusively from the assets now held by, or in the possession or control of, or which may be received by the Receivership Defendants or which are otherwise recovered by the Receiver. The Receiver and Professionals shall file with the Court and serve on the parties statements on a monthly basis, which shall include a description of all services provided and expenses incurred, with the first such statement filed no later than 30 days after the date of this Order. If no objection to the fees and expenses in the statements is filed with the Court by any party within 14 days of service of the statements, then the Receiver shall be authorized to pay such statements on an interim basis, with final approval thereof to be reserved until the closing of the case. The Receiver shall not increase the hourly rates used as the bases for such fee applications without prior approval of the Court.

## XV.
## Temporary Receiver's Bond/Liability

**IT IS FURTHER ORDERED** that no bond shall be required in connection with the appointment of the Receiver. Except for an act of gross negligence, the Receiver and the Professionals shall not be liable for any loss or damage incurred by any of the Defendants, their officers, agents, servants, employees and attorneys or any other person, by reason of any act performed or omitted to be performed by the Receiver and the Professionals in connection with the discharge of his or her duties and responsibilities, including but not limited to their

TEMPORARY RESTRAINING ORDER        22

withdrawal from the case under Paragraph XVI.

## XVI.
### Withdrawal of Temporary Receiver

**IT IS FURTHER ORDERED** that the Receiver and any Professional retained by the Receiver, including but not limited to his or her attorneys and accountants, be and are hereby authorized to withdraw from their respective appointments or representations and apply for payment of their professionals fees and costs at any time after the date of this Order, for any reason in their sole and absolute discretion, by sending written notice seven (7) days prior to the date of the intended withdrawal to the Court and to the parties along with a written report reflecting the Receiver's work, findings, and recommendations, as well as an accounting for all funds and assets in possession or control of the Receiver. The Receiver and Professionals shall be relieved of all liabilities and responsibilities, and the Receiver shall be exonerated and the receivership deemed closed seven (7) days from the date of the mailing of such notice of withdrawal. The Court will retain jurisdiction to consider the fee applications, report, and accounting submitted by the Receiver and the Professionals. The written notice shall include an interim report indicating the Receiver's actions and reflect the knowledge gained along with the fee applications of the Receiver and his or her Professionals. The report shall also contain the Receiver's recommendations, if any.

## DEFENDANTS' REPORTING AND RELATED OBLIGATIONS

### XVII.
### Financial Reports and Accounting

IT IS FURTHER ORDERED that, within five (5) business days following the service of this Order:

A.      The Individual Defendant shall prepare and deliver to counsel for the Commission a completed financial statement on the form captioned "Financial Statement of Individual Defendant," which is attached to this Order as Attachment A;

B.      Unless otherwise agreed upon with Counsel for the Commission and the Receiver, Defendant Aaron Lee Rian shall also prepare and deliver to counsel for the Commission a completed financial statement on the form captioned "Financial Statement of Corporate Defendant," which is attached to this Order as Attachment B, for Merchant Processing, Inc.; Vequity Financial Group, Inc.; Direct Merchant Processing, Inc., and for each business entity owned, controlled or managed by the Individual Defendant, regardless of whether it is a defendant in this case.  The financial statements shall be accurate as of the date and time of entry of this Order; and

C.      Each Named Defendant shall also prepare and deliver to counsel for the Commission:

1.      A completed statement, verified under oath:

a.      specifying the name and address of each financial institution and brokerage firm at which the Defendant has accounts or safe deposit boxes.  Said statements shall include assets held in foreign as well as domestic accounts; and

TEMPORARY RESTRAINING ORDER        24

      b.     listing all person who have received payments, transfers, or assignment of funds, assets, or property which total $10,000 or more in any twelve-month period since January 1, 2003. This list shall specify: (a) the amount(s) transferred or assigned; (b) the name of each transferee or assignee; (c) the date of the assignment or transfer; and (d) the type and amount of consideration paid to the Defendant;

2.     For all goods and services, including equipment leases, advertised, marketed, promoted, offered for sale, distributed, or sold by the Defendant, a detailed accounting, verified under oath, of:

      a.     all gross revenues obtained from the sale or distribution of each such product or service (broken down by month and year) from January 1, 2003, through the date of the issuance of this Order;

      b.     all net profits obtained from the sale or distribution of each such product or service (broken down by month and year) from January 1, 2003, through the date of the issuance of this Order;

      c.     the total amount of each such product sold or distributed (broken down by month and year) from January 1, 2003, through the date of the issuance of this Order; and

      d.     the full names, addresses, and telephone numbers of all purchasers or recipients of each such product, and the amount paid by each from January 1, 2003, through the date of the issuance of this Order; and

TEMPORARY RESTRAINING ORDER     25

D.      The Named Defendants shall each provide the Commission access to records and documents pertaining to Named Defendants that are held by financial institutions outside the territory of the United States by signing the "Consent to Release of Financial Records," which is attached to this Order as Attachment C.

## XVIII.
### Preservation of Records

**IT IS FURTHER ORDERED** that Defendants are hereby temporarily restrained and enjoined from destroying, erasing, mutilating, concealing, altering, transferring, or otherwise disposing of, in any manner, directly or indirectly, any documents that relate to the business practices or business or personal finances of Named Defendants, or to the business practices or finances of entities directly or indirectly under the control, in whole or in part, of Named Defendants.

## XIX.
### Record Keeping/Business Operations

**IT IS FURTHER ORDERED** that Named Defendants are hereby temporarily restrained and enjoined from:

A.      Failing to create and maintain documents that, in reasonable detail, accurately, fairly, and completely reflect their incomes, disbursements, transactions, and use of money, beginning as of the date and time of effective service of this Order;

B.      Failing to make and keep books, records, accounts, bank statements, current accountants' reports, general ledgers, general journals, cash receipt ledgers, cash disbursement ledgers and source documents, documents indicating title to real or personal property, and any other data which, in reasonable detail, accurately and fairly reflect the transactions and dispositions of the assets of Named Defendants;

TEMPORARY RESTRAINING ORDER        26

C.      Destroying, mutilating, concealing, altering, transferring, or otherwise disposing

of, in any manner, any books, records, tapes, discs, accounting data, checks (fronts and backs),

correspondence, forms, advertisements, brochures, manuals, electronically stored data, banking

records, customer lists, customer files, invoices, telephone records, ledgers, payroll records, or

other documents of any kind, including information stored in computer-maintained form, in their

possession, custody or control; and

D.      Creating, operating or exercising any control over any business entity, including

any partnership, limited partnership, joint venture, sole proprietorship or corporation, without

first providing the Commission with a written statement disclosing:  (1) the name of the business

entity; (2) the address and telephone number of the business entity; (3) the names of the business

entity's officers, directors, principals, managers, and employees; and (4) a detailed description of

the business entity's intended activities.

## XX.
### Distribution of Order by Defendants

**IT IS FURTHER ORDERED** that Named Defendants shall immediately provide a copy

of this Order to each affiliate, partner, division, sales entity, successor, assign, employee,

independent contractor, agent, payment processor, attorney, and representative, of Named

Defendants and shall, within ten days from the date of entry of this Order, serve upon counsel for

the Commission a sworn statement that they have complied with this provision of the Order,

which statement shall include the names and addresses of each such person or entity who

received a copy of the Order.

TEMPORARY RESTRAINING ORDER          27

## ORDER TO SHOW CAUSE AND MISCELLANEOUS PROVISIONS

### XXI.
### Order to Show Cause

**IT IS FURTHER ORDERED** pursuant to Federal Rule of Civil Procedure 65(b) that

Named Defendants shall appear before this Court, Courtroom _14A_ Mark O. Hatfield U.S.

Courthouse, 1000 SW Third Avenue, Portland, Oregon 97204, on the _19th_ day of

_April_, 2007, at _9'.00_ o'clock _A_.m. (PDT), to show cause, if there is any,

why this Court should not enter a preliminary injunction, pending final ruling on the Complaint

against Named Defendants, enjoining them from further violations of Section 5(a) of the FTC

Act, 15 U.S.C. § 45(a), continuing the freeze of their assets, continuing the receivership, and

imposing such additional relief as may be appropriate.

### XXII.
### Limited Expedited Discovery

**IT IS FURTHER ORDERED** that pursuant to Federal Rules of Civil Procedure 30(a),

31(a), 34, and 45, Plaintiff and the Receiver are granted leave, at any time after service of this

Order, to:

no a/o/o 4/11/07

A.    Take the deposition, including depositions upon forty-eight hours' written notice,

of any person, whether or not a party, for the purpose of discovering the nature, location, status,

and extent of assets of Named Defendants or of their affiliates or subsidiaries; the nature and

location of documents reflecting the business transactions of Named Defendants; the

whereabouts of Named Defendants; and the applicability of any evidentiary privileges to this

action.  The limitations and conditions set forth in Fed. R. Civ. P. 30(a)(2)(B) and 31(a)(2)(B)

regarding subsequent depositions of an individual shall not apply to depositions taken pursuant

to this Paragraph.  Any such depositions taken pursuant to this Paragraph shall not be counted

TEMPORARY RESTRAINING ORDER        28

toward the ten-deposition limit set forth in Fed. R. Civ. P. 30(a)(2)(A) and 31(a)(2)(A). Service of discovery upon a party, taken pursuant to this Paragraph, shall be sufficient if made by facsimile or by overnight delivery; and

NO
off
4/11/07

     B.     Demand the production of documents, on five days' notice, from any person, whether or not a party, relating to the nature, status or extent of assets of Named Defendants or of their affiliates or subsidiaries; the location of documents reflecting the business transactions of Named Defendants; the whereabouts of Named Defendants; and the applicability of any evidentiary privileges to this action; provided that 24 hours' notice shall be deemed sufficient for the production of any such documents that are maintained or stored as electronic data.

## XXIII.
## Service of Order

**IT IS FURTHER ORDERED** that copies of this Order may be served by any means, including facsimile transmission, upon any financial institution, or other entity or person that may have possession, custody, control or knowledge of any documents or assets of any Named Defendant or any other entity or person that may otherwise be subject to any provision of this Order. Service without Attachments shall effect service of the Order. Service upon any branch or office of any financial institution shall effect service upon the entire financial institution.

## XXIV.
## Credit Reports

**IT IS FURTHER ORDERED** that pursuant to Section 604(a)(1) of the Fair Credit Reporting Act, 15 U.S.C. § 1681b(a)(1), any consumer reporting agency served with this Order shall promptly furnish credit reports concerning Defendant Aaron Lee Rian to the FTC and the Receiver.

TEMPORARY RESTRAINING ORDER     29

## XXV.
## Duration of Temporary Restraining Order

**IT IS FURTHER ORDERED** that this Order shall expire on

*april 19* _____, 2007, unless within such time the Order, for good cause shown, is

extended for an additional period not to exceed ten days, or unless it is further extended with the

consent of the parties.

## XXVI.
## Service of Documents and Evidence

**IT IS FURTHER ORDERED** that Named Defendants, in responding to this Court's

Order to Show Cause, shall serve all memoranda, affidavits, and other evidence on which they

intend to rely not later than 4:00 p.m. (PDT) of the fourth day prior to the preliminary injunction

hearing set in this matter.  Service on the Commission shall be performed by personal delivery,

or confirmed facsimile delivery, to Mary T. Benfield and David M. Horn, at the following

address:  Federal Trade Commission, 915 Second Ave., Suite 2896, Seattle, WA 98174, (206)

220-6366 (fax number).  The Commission may serve and file a supplemental memorandum of

points and authorities based on evidence discovered subsequent to the filing of its Complaint by

no later than 4:00 p.m. (PDT) of the fourth day prior to the preliminary injunction hearing, and

may serve and file a reply to Named Defendants' opposition by no later than 4:00 p.m. (PDT) on

the day prior to the preliminary injunction hearing.

## XXVII.
## No Examination of Witnesses

**IT IS FURTHER ORDERED** that there will be no direct examination of witnesses at

the preliminary injunction hearing in this matter.

TEMPORARY RESTRAINING ORDER          30

## XXVIII.
## Retention of Jurisdiction

**IT IS FURTHER ORDERED** that this Court shall retain jurisdiction of this matter for

all purposes.

**SO ORDERED.**

Dated: _April 11_ , 2007

11:30 a.m .

_____
United States District Judge

Presented by:

_____
Mary T. Benfield
WSBA No. 18835
David M. Horn
WSBA No. 13514
Federal Trade Commission
915 Second Avenue, Suite 2896
Seattle, Washington 98174
(206)220-4472 (Benfield)
(206)220-4483 (Horn)
(206)220-6366 (fax)
Attorneys for Plaintiff
FEDERAL TRADE COMMISSION