WILLIAM BLUMENTHAL
General Counsel
CHARLES A. HARWOOD
Regional Director

MARY T. BENFIELD
Wash. State Bar No. 18835
mbenfield@ftc.gov
DAVID M. HORN
Wash. State Bar No. 13514
dhorn@ftc.gov
Federal Trade Commission
915 Second Ave., Suite 2896
Seattle, WA 98174
Telephone: (206) 220-6350
Facsimile: (206) 220-6366
Attorneys for Plaintiff
Federal Trade Commission

## UNITED STATES DISTRICT COURT

### DISTRICT OF OREGON

| | |
|---|---|
| FEDERAL TRADE COMMISSION, | Civ. No. 07-0533 BR |
| Plaintiff, | |
| v. | TEMPORARY RESTRAINING ORDER |
| MERCHANT PROCESSING, INC.; VEQUITY FINANCIAL GROUP, INC.; DIRECT MERCHANT PROCESSING, INC.; and AARON LEE RIAN, | |
| Defendants. | |

TO: Karely McCarthy aka Karly Speelman, Aaron Lee Rian, Kevin Cornwell, Bonds Automotive, Shalane Campbell, PPI Services Inc., d.b.a. Direct Processing Inc., Merchant Processing Inc., Vequity Financial Group, Inc., Direct Merchant Processing, Inc., Bank of the West, Bank of America, Mike DeGroat, Bryan Chamberlin.

TEMPORARY RESTRAINING ORDER

Plaintiff, the Federal Trade Commission ("FTC" or "Commission") and Michael Grassmueck, the court-appointed Receiver, have filed <u>Ex Parte</u> Emergency Motions For Temporary Restraining Order And/Or Equitable Relief. The Court has considered the Plaintiff's and the Receiver's <u>Ex Parte</u> Motions, and the Declarations and other evidence submitted in support thereof. The court therefore being fully advised in the premises finds that:

1. There is good cause to believe that immediate and irreparable damage to the Court's ability to adjudicate this matter and to grant effective final relief for consumers in the form of monetary redress will occur from the sale, transfer, assignment, or other disposition or concealment by Defendant Aaron Rian, Karely McCarthy aka Karly Speelman ("McCarthy"), or PPI Services Inc. ("PPI"), which has also done business as Direct Processing Services, of the records or assets of PPI and McCarthy, unless they are immediately restrained and enjoined by Order of this Court.

2. There is thus good cause for issuing this Order without prior notice to defendant Aaron Lee Rian ("Rian"), McCarthy, and PPI of the Commission's application, pursuant to Federal Rule of Civil Procedure 65(b).

3. Weighing the equities and considering the Commission's likelihood of success in its causes of action, this Order is in the public interest.

4. No security is required of any agency of the United States for the issuance of a restraining order. Fed. R. Civ. P. 65(c). Because the Receiver is acting at the court's direction and protecting the same interests as the FTC, the court does not require the Receiver to post a bond.

5. There is good cause to believe that cash or other commercial instruments may be stored in the trailer referred to in Paragraph I.A. below, and that any such cash and commercial

TEMPORARY RESTRAINING ORDER

instruments are associated with this controversy.

## ORDER

### Definitions

1.      **"Assets"** means any legal or equitable interest in, right to, or claim to, any real or personal property including, but not limited to, chattel, goods, instruments, equipment, fixtures, general intangibles, effects, leaseholds, mail or other deliveries, inventory, checks, notes, accounts, credits, receivables (as those terms are defined in the Uniform Commercial Code), and all cash, wherever located.

2.      **"Financial institution"** means any bank, savings and loan institution, credit union or any financial depository of any kind, including but not limited to any brokerage house, trustee, broker-dealer, escrow agent, title company, commodity trading company, precious metal dealer, commercial check cashing facility, or any entity or person that holds, controls, or maintains custody of any account or asset of any Defendant.

### I. PRESERVATION OF RECORDS AND EQUIPMENT

**IT IS HEREBY ORDERED, JUDGED AND DECREED** that:

A.      All equipment, business records, computer records, cash and other commercial instruments, and all other records relating to PPI shall immediately be turned over to the court-appointed Receiver, Michael Grassmueck, including without limitation the equipment and records and any cash and other commercial instruments recently stored in a trailer parked behind Bond's Automotive located at 14085 SW Galbreath, Sherwood, Oregon; and all persons served with or notified of this order, including without limitation, Kevin Cornwell, who owns the trailer in which PPI records and equipment are stored, and the owners and/or managers of Bond's Automotive, on whose property the trailer has been stored, shall cooperate with the Receiver's

efforts to take possession. Regardless of whether the receiver receives such cooperation, the Receiver is hereby authorized to take possession of those records, equipment, cash and other commercial instruments.

  B. Defendant Rian, McCarthy, and PPI are hereby temporarily restrained and enjoined from destroying, erasing, mutilating, concealing, altering, transferring, or otherwise disposing of, in any manner, directly or indirectly, any books, records, tapes, discs, accounting data, checks (fronts and backs), correspondence, forms, advertisements, brochures, manuals, electronically stored data, banking records, customer lists, customer files, invoices, telephone records, ledgers, payroll records, or other documents of any kind, including information stored in computer-maintained form, in their possession, custody or control, that relate to the business practices or business or personal finances of McCarthy or PPI, or to the business practices or finances of entities directly or indirectly under the control, in whole or in part, of McCarthy or PPI, including without limitation the equipment and records referred to in the preceding paragraph.

## II. ASSET FREEZE

**IT IS FURTHER ORDERED** that McCarthy and PPI are hereby temporarily restrained and enjoined from:

  A. Transferring, liquidating, converting, encumbering, pledging, loaning, selling, concealing, dissipating, disbursing, assigning, spending, withdrawing, granting a lien or security interest or other interest in, or otherwise disposing of any funds, real or personal property, accounts, contracts, consumer lists (including lists of consumer names, telephone numbers, addresses, or account numbers, or other consumer data), shares of stock, or other assets, or any interest therein, wherever located, that are: (1) owned or controlled by McCarthy or PPI, in

TEMPORARY RESTRAINING ORDER   2

whole or in part; (2) in the actual or constructive possession of McCarthy or PPI, or (3) owned, controlled by, or in the actual or constructive possession of any corporation, partnership, or other entity directly or indirectly owned, managed, or controlled by McCarthy or PPI, including, but not limited to any assets held by or for, or subject to access by, McCarthy or PPI, at any bank or savings and loan institution, or with any broker-dealer, escrow agent, title company, commodity trading company, precious metals dealer, or other financial institution or depository of any kind.

      B.      Opening or causing to be opened any safe deposit boxes titled in the name of McCarthy or PPI, or subject to access by any of them.

      C.      Incurring charges or cash advances on any credit card issued in the name, singly or jointly, of McCarthy or PPI.

      D.      Incurring liens or other encumbrances on real property, personal property or other assets in the name, singly or jointly, of McCarthy or PPI.

      E.      Notwithstanding the above, McCarthy may, by further order of the Court or by written agreement of the Commission, pay from her personal funds reasonable, usual, ordinary, and necessary living expenses and attorney's fees.

### III. DUTIES OF THIRD PARTIES

**IT IS FURTHER ORDERED** that, effective immediately upon service of this Order, as provided in Section V, any bank, savings and loan institution, credit union, financial institution, brokerage house, escrow agent, money market or mutual fund, title company, commodity trading company, common carrier, storage company, trustee, commercial mail receiving agency, mail holding or forwarding company, or any other person, partnership, corporation, legal or business entity, or person that holds, controls or maintains custody of any account or asset belonging to, or titled in the name of, McCarthy or PPI or belonging to, or titled in the name of, any

TEMPORARY RESTRAINING ORDER       3

corporation, partnership or other entity directly or indirectly owned, managed or controlled by, in whole or in part, McCarthy or PPI, or to which they are a signatory, or which is held on behalf of, or for the benefit of, McCarthy or PPI, individually or jointly, or that has held, controlled or maintained custody of any such account or asset at any time since April 11, 2007, shall:

 A. Prohibit McCarthy and PPI and their agents, servants, employees, attorneys, and all persons or entities directly or indirectly under their control, or in common control with them, from withdrawing, removing, assigning, transferring, pledging, encumbering, disbursing, dissipating, converting, selling, or otherwise disposing of any such account or asset except:

  1. As directed by further order of the Court; or

  2. By written agreement of the Commission;

 B. Maintain the status quo of any such account or asset and not withdraw, remove, assign, transfer, pledge, encumber, disburse, dissipate, convert, sell, or otherwise dispose of any such account or asset except:

  1. As directed by further order of the Court; or

  2. By written agreement of the Commission;

 C. Deny McCarthy and PPI and their agents, servants, employees, attorneys, and all persons or entities directly or indirectly under their control, or in common control with them, unless accompanied by counsel for the Federal Trade Commission, access to any safe deposit box that is:

  1. Titled in the name of any McCarthy or PPI or their affiliates or subsidiaries, either individually or jointly; or

  2. Otherwise subject to access by McCarthy or PPI or their affiliates or subsidiaries;

TEMPORARY RESTRAINING ORDER   4

  D. Provide counsel for the Commission, within five business days of receiving a copy of this Order, a sworn statement setting forth:

    1. The identification number of each such account or asset belonging to or titled in the name of McCarthy or PPI, or on which either is a signatory, or which is held on behalf of, or for the benefit of, McCarthy or PPI;

    2. The balance of each such account, or a description of the nature and value of such asset as of the time this Order is served, and, if any asset has been removed or transferred within the last 30 days, the date removed or transferred, the total funds removed or transferred, and the name of the person or entity to whom such account or other asset was remitted; and

    3. The identification of any safe deposit box that is titled in the name, individually or jointly, of McCarthy or PPI or is otherwise subject to access by McCarthy or PPI; and

  E. Upon the Commission's request, promptly provide the Commission with copies of all records or other documentation pertaining to such account or asset including, without limitation, originals or copies of account applications, account statements, signature cards, checks, drafts, deposit tickets, transfers to and from the accounts, all other debit and credit instruments or slips, currency transaction reports, 1099 forms, and safe deposit box logs.

## IV. DISTRIBUTION OF ORDER

**IT IS FURTHER ORDERED** that McCarthy and PPI shall immediately provide a copy of this Order to each affiliate, partner, division, sales entity, successor, assign, employee, independent contractor, agent, payment processor, attorney, and representative, of McCarthy and PPI and shall, within ten days from the date of entry of this Order, serve upon counsel for the

TEMPORARY RESTRAINING ORDER   5

Commission a sworn statement that they have complied with this provision of the Order, which statement shall include the names and addresses of each such person or entity who received a copy of the Order.

## V. SERVICE OF ORDER

**IT IS FURTHER ORDERED** that copies of this Order may be served by any means, including facsimile transmission, upon any financial institution, or other entity or person that may have possession, custody, control or knowledge of any documents or assets of McCarthy or PPI or any other entity or person that may otherwise be subject to any provision of this Order. Service upon any branch or office of any financial institution shall effect service upon the entire financial institution.

## VI. DURATION OF TEMPORARY RESTRAINING ORDER

**IT IS FURTHER ORDERED** that this Order shall expire on October 3, 2007, at 5:00 p.m. unless within such time the Order, for good cause shown, is extended for an additional period not to exceed ten days, or unless it is further extended by the court or with the consent of the FTC, McCarthy, and PPI.

## VII. SHOW CAUSE HEARING

**IT IS FURTHER ORDERED** pursuant to Federal Rule of Civil Procedure 65(b) that Karely McCarthy, a.k.a. Karely Speelman, PPI Services Inc., d.b.a. Direct Processing Services, and Defendant Aaron Lee Rian shall appear before this Court, Courtroom 14 A, Mark O. Hatfield U.S. Courthouse, 1000 SW Third Avenue, Portland, Oregon 97204, on the __3rd__ day of October, 2007, at 10:30 a.m. (PDT), to show cause, if there is any, why this Court should not extend the temporary restraining order or enter other appropriate equitable relief.

TEMPORARY RESTRAINING ORDER             6

## VIII. RETENTION OF JURISDICTION

**IT IS FURTHER ORDERED** that this Court shall retain jurisdiction of this matter for all purposes.

**SO ORDERED.**

Dated: 28 September, 2007
Time: 12:45 p.m.

_____
The Honorable Anna J. Brown
United States District Judge

Presented by:

_____
Mary T. Benfield
WSBA No. 18835
David M. Horn
WSBA No. 13514
Federal Trade Commission
915 Second Avenue, Suite 2896
Seattle, Washington 98174
(206)220-4472 (Benfield)
(206)220-4483 (Horn)
(206)220-6366 (fax)
Attorneys for Plaintiff
FEDERAL TRADE COMMISSION