WILLIAM BLUMENTHAL
General Counsel
CHARLES A. HARWOOD
Regional Director

MARY T. BENFIELD
Wash. State Bar No. 18835
mbenfield@ftc.gov
DAVID M. HORN
Wash. State Bar No. 13514
dhorn@ftc.gov
Federal Trade Commission
915 Second Ave., Suite 2896
Seattle, WA 98174
Telephone:: (206) 220-6350
Facsimile: (206) 220-6366
Attorneys for Plaintiff
Federal Trade Commission

## UNITED STATES DISTRICT COURT

## DISTRICT OF OREGON

| | |
|---|---|
| **FEDERAL TRADE COMMISSION,** | Civ. No. 07-0533 BR |
| Plaintiff, | |
| v. | |
| **MERCHANT PROCESSING, INC.;** | **STIPULATED TEMPORARY** |
| **VEQUITY FINANCIAL GROUP, INC.;** | **RESTRAINING ORDER** |
| **DIRECT MERCHANT PROCESSING,** | |
| **INC.; and AARON LEE RIAN,** | |
| Defendants. | |

TO: Karely McCarthy aka Karly Speelman, Aaron Lee Rian, Kevin Cornwell, Bonds Automotive, Shalane Campbell, PPI Services Inc., d.b.a. Direct Processing Inc., Merchant Processing Inc., Vequity Financial Group, Inc., Direct Merchant Processing, Inc., Bank of the West, Bank of America, Mike DeGroat, Bryan Chamberlin.

STIP. TEMPORARY RESTRAINING ORDER - 1

Plaintiff, the Federal Trade Commission ("FTC" or "Commission") and Michael Grassmueck, the court-appointed Receiver, have filed Ex Parte Emergency Motions For Temporary Restraining Order And/Or Equitable Relief. The Court granted an Ex Parte TRO on September 28, 2007. The Commission, defendants Merchant Processing, Inc., Vequity Financial Group, Inc., Direct Merchant Processing, Inc., and Aaron Lee Rian ("Rian"), and third parties Karely McCarthy, a.k.a. Karly Speelman ("McCarthy"), and PPI Services Inc. ("PPI"), acting by and through counsel, now stipulate to entry of this Stipulated Temporary Restraining Order ("Stip. TRO").

NOW, THEREFORE, it is **ORDERED, ADJUDGED, AND DECREED** as follows:

1. This Court has jurisdiction of the subject matter of this case and there is good cause to believe it will have jurisdiction over all parties hereto;

2. Venue in the District of Oregon is proper;

3. Entry of this Stip. TRO is in the public interest;

4. This Stip. TRO does not constitute, and shall not be interpreted to constitute, either an admission by defendants, McCarthy, or PPI of any of plaintiff's allegations or a finding by the Court that defendants, McCarthy, or PPI have engaged in any violations of the FTC Act or any other laws;

5. The Stipulated Preliminary Injunction entered on April 30, 2007, shall remain in full force and effect except to the extent it conflicts with any provision of this Stip. TRO; and

6. No security is required of any agency of the United States for the issuance of a restraining order. Fed. R. Civ. P. 65(c). Because the Receiver is acting at the court's direction and protecting the same interests as the FTC, the court does not require the Receiver to post a bond.

STIP. TEMPORARY RESTRAINING ORDER - 2

## ORDER

### Definitions

1. **"Assets"** means any legal or equitable interest in, right to, or claim to, any real or personal property including, but not limited to, chattel, goods, instruments, equipment, fixtures, general intangibles, effects, leaseholds, mail or other deliveries, inventory, checks, notes, accounts, credits, receivables (as those terms are defined in the Uniform Commercial Code), and all cash, wherever located.

2. **"Card processing goods or services"** means goods or services relating to the acceptance, authorization, settlement, or payment for credit or debit card-related sales.

3. **"Financial institution"** means any bank, savings and loan institution, credit union or any financial depository of any kind, including but not limited to any brokerage house, trustee, broker-dealer, escrow agent, title company, commodity trading company, precious metal dealer, commercial check cashing facility, or any entity or person that holds, controls, or maintains custody of any account or asset.

### I. BAN ON CERTAIN ACTIVITIES AS TO RIAN AND MCCARTHY

**IT IS THEREFORE ORDERED** that Rian and McCarthy, whether acting directly or through any person, trust, corporation, limited liability company, subsidiary, division or other device, are hereby temporarily restrained and enjoined from engaging, participating, or assisting others in the advertising, promoting, marketing, offering for sale, sale, or lease of card processing goods or services.

### II. PRESERVATION OF RECORDS AND EQUIPMENT

**IT IS FURTHER ORDERED** that:

A. All equipment, business records, computer records, cash and other commercial

STIP. TEMPORARY RESTRAINING ORDER - 3

instruments, and all other records and Assets relating to PPI shall immediately be turned over to the court-appointed Receiver, Michael Grassmueck, including without limitation the equipment and records and any cash and other commercial instruments recently stored in a trailer parked behind Bond's Automotive located at 14085 SW Galbreath, Sherwood, Oregon; and all persons served with or notified of this order, including without limitation, Kevin Cornwell, who owns the trailer in which PPI records and equipment are stored, and the owners and/or managers of Bond's Automotive, on whose property the trailer has been stored, shall cooperate with the Receiver's efforts to take possession and shall turn over all Assets relating to PPI within their possession, custody or control, with the exception of $10,980.00 in an escrow account at Bullivant Houser Bailey PC, which amount shall be subject to further order of the court. Regardless of whether the Receiver receives such cooperation, the Receiver is hereby authorized to take possession of those Assets, including records, equipment, cash and other commercial instruments.

B. Defendant Rian, McCarthy, and PPI are hereby temporarily restrained and enjoined from destroying, erasing, mutilating, concealing, altering, transferring, or otherwise disposing of, in any manner, directly or indirectly, any books, records, tapes, discs, accounting data, checks (fronts and backs), correspondence, forms, advertisements, brochures, manuals, electronically stored data, banking records, customer lists, customer files, invoices, telephone records, ledgers, payroll records, or other documents of any kind, including information stored in computer-maintained form, in their possession, custody or control, that relate to the business practices or business or personal finances of McCarthy or PPI, or to the business practices or finances of entities directly or indirectly under the control, in whole or in part, of Rian, McCarthy or PPI, including without limitation the equipment and records referred to in the

STIP. TEMPORARY RESTRAINING ORDER - 4

preceding paragraph.

### III. ASSET FREEZE

**IT IS FURTHER ORDERED** that McCarthy and PPI are hereby temporarily restrained and enjoined from:

A. Transferring, liquidating, converting, encumbering, pledging, loaning, selling, concealing, dissipating, disbursing, assigning, spending, withdrawing, granting a lien or security interest or other interest in, or otherwise disposing of any assets, or any interest therein, wherever located, that are: (1) owned or controlled by McCarthy or PPI, in whole or in part; (2) in the actual or constructive possession of McCarthy or PPI, or (3) owned, controlled by, or in the actual or constructive possession of any corporation, partnership, or other entity directly or indirectly owned, managed, or controlled by Rian, McCarthy or PPI, including, but not limited to any assets held by or for, or subject to access by, Rian, McCarthy or PPI, at any bank or savings and loan institution, or with any broker-dealer, escrow agent, title company, commodity trading company, precious metals dealer, or other financial institution or depository of any kind.

B. Opening or causing to be opened any safe deposit boxes titled in the name of McCarthy or PPI, or subject to access by any of them.

C. Incurring charges or cash advances on any credit card issued in the name, singly or jointly, of McCarthy or PPI, or any entity directly or indirectly owned, managed, or controlled by Rian, McCarthy, or PPI.

D. Incurring liens or other encumbrances on real property, personal property or other assets in the name, singly or jointly, of McCarthy or PPI, or any entity directly or indirectly owned, managed, or controlled by Rian, McCarthy, or PPI.

E. Notwithstanding the above, McCarthy may, by further order of the Court or by

STIP. TEMPORARY RESTRAINING ORDER - 5

written agreement of the Commission, pay from her personal funds reasonable, usual, ordinary, and necessary living expenses and attorney's fees.

## IV. DUTIES OF THIRD PARTIES

**IT IS FURTHER ORDERED** that, effective immediately upon service of this Order, as provided in Section VII, any bank, savings and loan institution, credit union, financial institution, brokerage house, escrow agent, money market or mutual fund, title company, commodity trading company, common carrier, storage company, trustee, commercial mail receiving agency, mail holding or forwarding company, or any other person, partnership, corporation, legal or business entity, or person that holds, controls or maintains custody of any record, account, or asset (including all mail delivered to any address used by PPI or any mail addressed to PPI) belonging to, or titled in the name of, McCarthy or PPI or belonging to, or titled in the name of, any corporation, partnership or other entity directly or indirectly owned, managed or controlled by, in whole or in part, Rian, McCarthy or PPI, or to which they are a signatory, or which is held on behalf of, or for the benefit of, Rian, McCarthy or PPI, individually or jointly, or that has held, controlled or maintained custody of any such account or asset at any time since April 11, 2007, with the exception of the Aaron Rian Trust established pursuant to the Stipulated Preliminary Injunction entered in this matter on April 30, 2007, shall:

    A.    Prohibit Rian, McCarthy, and PPI and their agents, servants, employees, attorneys, and all persons or entities directly or indirectly under their control, or in common control with them, from withdrawing, removing, assigning, transferring, pledging, encumbering, disbursing, dissipating, converting, selling, or otherwise disposing of any such account or asset except:

        1.    As directed by further order of the Court; or

STIP. TEMPORARY RESTRAINING ORDER - 6

2. By written agreement of the Commission;

B. Maintain the status quo of any such account or asset and not withdraw, remove, assign, transfer, pledge, encumber, disburse, dissipate, convert, sell, or otherwise dispose of any such account or asset except:

1. As directed by further order of the Court; or

2. By written agreement of the Commission;

C. Deny Rian, McCarthy, and PPI and their agents, servants, employees, attorneys, and all persons or entities directly or indirectly under their control, or in common control with them, unless accompanied by counsel for the Federal Trade Commission, access to any safe deposit box that is:

1. Titled in the name of any McCarthy or PPI or their affiliates or subsidiaries, either individually or jointly; or

2. Otherwise subject to access by Rian, McCarthy, or PPI or their affiliates or subsidiaries;

D. Provide counsel for the Commission, within five business days of receiving a copy of this Order, a sworn statement setting forth:

1. The identification number of each such account or asset belonging to or titled in the name of McCarthy or PPI, or on which either is a signatory, or which is held on behalf of, or for the benefit of, McCarthy or PPI;

2. The balance of each such account, or a description of the nature and value of such asset as of the time this Order is served, and, if any asset has been removed or transferred within the last 30 days, the date removed or transferred, the total funds removed or transferred, and the name of the

STIP. TEMPORARY RESTRAINING ORDER - 7

person or entity to whom such account or other asset was remitted; and

3. The identification of any safe deposit box that is titled in the name, individually or jointly, of Rian, McCarthy, or PPI or is otherwise subject to access by Rian, McCarthy, or PPI; and

E. Upon the Commission's request, promptly provide the Commission with copies of all records or other documentation pertaining to such account or asset including, without limitation, originals or copies of account applications, account statements, signature cards, checks, drafts, deposit tickets, transfers to and from the accounts, all other debit and credit instruments or slips, currency transaction reports, 1099 forms, and safe deposit box logs.

## V. RECEIVERSHIP

**IT IS FURTHER ORDERED** that:

A. The Receiver shall have immediate full control and authority over the merchant accounts of PPI if any, and the merchant accounts of all of PPI's assumed business names, affiliates, and subsidiaries, all business records, equipment, software, and all other Assets of PPI (including all phone numbers, websites and other intangibles); and

B. McCarthy and all other officers, directors, and employees of PPI and of any of its assumed business names, affiliates, and subsidiaries shall fully cooperate with the Receiver in performing his receivership duties and in exercising his control and authority over PPI's merchant accounts.

## VI. DISTRIBUTION OF ORDER

**IT IS FURTHER ORDERED** that McCarthy and PPI shall immediately provide a copy of this Stip. TRO to each affiliate, partner, division, sales entity, successor, assign, employee, independent contractor, agent, payment processor, attorney, and representative, of McCarthy and

PPI and shall, within ten days from the date of entry of this Stip. TRO, serve upon counsel for the Commission a sworn statement that they have complied with this provision of the Stip. TRO, which statement shall include the names and addresses of each such person or entity who received a copy of the Stip. TRO.

## VII. SERVICE OF ORDER

**IT IS FURTHER ORDERED** that copies of this Stip. TRO may be served by any means, including facsimile transmission, upon any financial institution, or other entity or person that may have possession, custody, control or knowledge of any documents or assets of McCarthy or PPI or any other entity or person that may otherwise be subject to any provision of this Stip. TRO. Service upon any branch or office of any financial institution shall effect service upon the entire financial institution.

## VIII. DURATION OF STIPULATED TEMPORARY RESTRAINING ORDER

**IT IS FURTHER ORDERED** that this Stip. TRO shall expire on November 6, 2007, at 5:00 p.m. unless within such time the Stip. TRO is further extended with the consent of the parties.

## IX. SHOW CAUSE HEARING

**IT IS FURTHER ORDERED** pursuant to Federal Rule of Civil Procedure 65(b) that Karely McCarthy, a.k.a. Karely Speelman; PPI Services Inc., d.b.a. Direct Processing Services; and Defendants Merchant Processing, Inc.; Vequity Financial Group, Inc.; Direct Merchant Processing, Inc.; and Aaron Lee Rian shall appear before this Court, Courtroom 14 A, Mark O. Hatfield U.S. Courthouse, 1000 SW Third Avenue, Portland, Oregon 97204, on the ___6th___ day of November, 2007, at 9:00 a.m. (PST), to show cause, if there is any, why a preliminary injunction should not issue.

STIP. TEMPORARY RESTRAINING ORDER - 9

## X. RETENTION OF JURISDICTION

**IT IS FURTHER ORDERED** that this Court shall retain jurisdiction of this matter for all purposes.

**SO ORDERED.**

Dated: October 12, 2007

_____
The Honorable Anna J. Brown
United States District Judge

Respectfully Submitted by:


    s/Mary T. Benfield
Mary T. Benfield
WSBA No. 18835
David M. Horn
WSBA No. 13514
Federal Trade Commission
915 Second Avenue, Suite 2896
Seattle, Washington 98174
(206) 220-4472 (Benfield)
(206) 220-4483 (Horn)
Attorneys for Plaintiff
FEDERAL TRADE COMMISSION



    s/Stephen Feldman
Stephen Feldman
OSB No. 93267
Perkins Coie
1120 N.W. Couch Street, 10th Floor
Portland, OR 97209
(503) 727-2058
Attorney for Defendant
AARON LEE RIAN

   s/Peter C. McKittrick
Peter C. McKittrick
OSB No. 852816
Farleigh Witt
121 S.W. Morrison, Suite 600
Portland, OR 97204
(503) 228-1044
Attorney for MICHAEL A. GRASSMUECK, Receiver, and
Defendants MERCHANT PROCESSING, INC.,
DIRECT MERCHANT PROCESSING, INC., and
VEQUITY FINANCIAL GROUP, INC.


   s/Andrew C. Lauersdorf
Andrew C. Lauersdorf
OSB No. 980739
Bullivant Houser Bailey PC
300 Pioneer Tower
888 S.W. Fifth Avenue
Portland, OR 97204
(503) 499-4681
Attorney for KARELY MCCARTHY, A.K.A. KARLY SPEELMAN